**Opinion filed September 11, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00088-CV
_____

## IN THE INTEREST OF J.W., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9538-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and father of J.W.  The mother filed an appeal.  On appeal, she presents four issues: one in which she complains of the trial court's denial of her request for an extension and three in which she challenges the legal and factual sufficiency of the evidence.  We affirm the trial court's order of termination.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2019).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (E). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being and that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the

2

child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Background Facts*

The record reflects that J.W. was removed from his parents shortly after his birth in 2019. Appellant had tested positive for methamphetamine and marihuana at two prenatal visits during the month preceding J.W.'s birth. Appellant admitted that she had been using methamphetamine and that her drug use had "intensified" during her pregnancy. The Department of Family and Protective Services had previously been involved with Appellant and two of her older children due to Appellant's use of methamphetamine, and Appellant admitted to a long history of drug abuse. J.W.'s father also used methamphetamine.

Appellant had struggled with mental health issues in the past and was not receiving treatment at the time of the removal. Appellant testified that she had been kicked out of the house by J.W.'s father while she was pregnant with J.W. She explained: "And, unfortunately, being on the street, I ended up back in the drug use because, as it was stated, I ended up being supported by the plug." The record indicates that Appellant's reference to "the plug" is probably a refence to her drug dealer.

The record reflects that, shortly after J.W.'s birth, Appellant was arrested for a probation violation and remained incarcerated throughout the case. Appellant maintained contact with the Department even though she was incarcerated. Appellant was given a parenting packet while she was in a local jail, and she

completed that packet. Appellant later completed a parenting class and several other programs after being moved to a state jail facility. Appellant indicated that she had learned a lot while in "TDC," that she had obtained certifications that would enable her to get a job when she was released, and that she would be able to provide for J.W. soon after her release. Appellant's release date had been moved up, and she was set to be released approximately three weeks after the date of the termination hearing. Appellant did not believe that termination was in J.W.'s best interest because "we weren't given the chance" and because she would not make the same mistakes again.

At the time of removal, the Department sought to place J.W. with family, but no willing, suitable family members were available for placement. J.W. was therefore placed in foster care when he was three days old. He remained in the same foster home throughout the case below. The foster home was an appropriate home, and the foster family was able to meet all of J.W.'s needs. J.W. had bonded with his foster family, and the foster mother believed that it would be in J.W.'s best interest to remain with his foster family. The foster mother testified that she will adopt J.W. if he becomes available for adoption. The Department's caseworker believed that termination of Appellant's rights would be in the best interest of J.W.

*Analysis*

*Sufficiency of the Evidence*

In her second and third issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (D) and (E). We need only address her challenge to the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.* "A mother's use of drugs during pregnancy may amount to conduct that endangers the physical and emotional well-being of the child." *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). A parent's drug addiction and its effect on the parent's life and ability to parent a child may establish an endangering course of conduct. *Id.* at 125–26 (citing *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ)).

Based upon evidence of Appellant's history of drug use and her use of methamphetamine and marihuana while pregnant with J.W., the trial court could have found by clear and convincing evidence that Appellant engaged in a course of conduct that endangered J.W. *See id.* We hold that the evidence is legally and factually sufficient to uphold the trial court's finding as to Appellant under subsection (E). Accordingly, we overrule Appellant's third issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not reach Appellant's second issue. *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35.

In her fourth issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her parental rights was in the best interest of J.W. Appellant had a long history of drug abuse and mental health issues. Her use of methamphetamine while pregnant with what she referred to as her "miracle baby" was concerning. Appellant also had a criminal history and had violated her probation, which caused her to be incarcerated for the entire first year of J.W.'s life. The evidence also showed that Appellant had been unable to properly care for her older children.

J.W. had been placed in an adoptive foster home where all of his needs were being met. He had been in the same foster home since he was just three days old and had bonded with his foster family. The Department, the CASA volunteer, and the child's attorney ad litem all agreed that J.W.'s best interest would be served by remaining with his foster family.

Based upon the evidence presented in this case, we defer to the trial court's finding as to the child's best interest. *See C.H.*, 89 S.W.3d at 27. We hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in J.W.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the child's desires (J.W. was too young to express any desire), the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's history of methamphetamine use, and the stability of the placement, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of the child. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's fourth issue.

*Request for Extension*

In her first issue, Appellant asserts that the trial court abused its discretion when it denied her request for an extension of the dismissal date. The Texas Family Code provides that, unless trial on the merits has commenced or the trial court has granted an extension, the trial court loses jurisdiction over a parental termination suit on the first Monday after the first anniversary of the date of the temporary order appointing the Department as temporary managing conservator. *See* FAM. § 263.401(a). The trial court may grant an extension of up to 180 days if it finds that extraordinary circumstances necessitate that the child remain in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the child's best interest. *See id.* § 263.401(b).

The focus of the trial court's decision to grant or deny a request for an extension of the dismissal date "is on the needs of the child, whether extraordinary circumstances necessitate the child remaining in the temporary custody of the Department, and whether continuing such is in the best interest of the child." *In re A.J.M.*, 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied). We review the trial court's decision for an abuse of discretion. *Id.*

Appellant specifically contends that her situation presented an "extraordinary circumstance" and that it was in J.W.'s best interest to give Appellant the "chance to prove she can provide [J.W.] with a safe and stable environment moving forward." Appellant showed that, while incarcerated, she worked hard to better herself. However, Appellant does not dispute that her actions led to her incarceration and that her incarceration caused her to be unable to show, during the period prior to the original dismissal date, that she could provide J.W. with a safe and stable environment. "[A]ctions that are considered to be the parent's fault will generally not constitute extraordinary circumstances." *In re M.S.*, 602 S.W.3d 676, 680 (Tex.

7

App.—Texarkana 2020, no pet.) (quoting *In re J.S.S.*, 594 S.W.3d 493, 501 (Tex. App.—Waco 2019, pet. denied) ("A circumstance such as incarceration, which is involuntary, is not necessarily an 'extraordinary circumstance' that merits an extension.")).

Further, Appellant presented no evidence that would support a finding that a delay in the hearing would be in J.W.'s best interest. The Department, CASA, and the child's attorney ad litem opposed the extension and informed the trial court that they did not believe an extension would be in J.W.'s best interest. The trial court, therefore, could have reasonably determined that Appellant failed to show that an extension would be in J.W.'s best interest. *See M.S.*, 602 S.W.3d at 680.

We hold that the trial court did not abuse its discretion when it denied Appellant's request for an extension of the dismissal date. We overrule Appellant's first issue.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

September 11, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.